**KENTUCKY BAR ASSOCIATION, CLE Commission, Movant,**

v.

**Paul Stephen WHITE, Respondent.**

**No. 2002–SC–1047–KB.**

Supreme Court of Kentucky.

March 20, 2003.

Bruce K. Davis, Executive Director, Janis E. Clark, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Paul Stephen White, Danville, Counsel for Respondent.

## OPINION AND ORDER

On November 19, 2002, this Court issued an Order directing Respondent, Paul Stephen White, to show cause why he should not be suspended from the practice of law pursuant to SCR 3.669(4) for failure to comply with SCR 3.661 Continuing Legal Education requirements for the 2001–2002 educational year. Respondent was deficient 11.25 general credits, and this included 0.75 ethics credits.

In response to the Order, Respondent stated that he has been "recuperating from severe depression." He explained, "A significant part of my problem involved an inability to work in confrontational situations." To deal with his problem, he has limited his legal practice to non-trial matters such as "several title opinions and drafting a few wills." He also stated that in an effort to increase his daily physical activity and to make up for lost income, he has started working with an electrical contractor. Respondent acknowledged that he did not view these circumstances as an excuse for his CLE deficiency, but hopes that they may offer an explanation to mitigate the sanction. Respondent reported that he attended the November 19–20, 2002, KBA Update in Lexington, earning 13.75 hours (including 4.25 hours of ethics), satisfying the deficiency. He also reported that he was scheduled to attend a CLE

event offered in December 2002 at which he planned to earn another 10.25 hours (including one hour of ethics).

In reply, the KBA CLE Commission stated its belief that Respondent has not shown adequate cause yet recommends lesser sanctions in lieu of suspension. In support of its request, the Commission points out that Respondent was sent three written notices regarding the deficiency (April 12, July 18, and August 21, 2002), and that these notices were sent prior to the September 10 deadline for filing a request for a time extension pursuant to SCR 3.667. The Commission further stated that Respondent failed to file a time extension request pursuant to SCR 3.667, that he failed to provide supporting documentation of his depression, and that he failed to apply for a hardship extension or exemption under SCR 3.667 and SCR 3.666. The Commission revealed and the record reflects that Respondent, as of December 20, 2002, had certified completion of 24.00 general credits, including 5.25 ethics credits, for the 2002–2003 educational year. Thus, more than a sufficient number of hours were obtained to cure the deficiency within five months of the end of the educational year. He has also obtained a substantial number of credits for the current year.

While Respondent clearly violated the CLE requirements, and his personal difficulties provide no excuse for failing to discharge his responsibilities as a lawyer, we believe sufficient cause has been shown to mitigate punishment. Respondent described a condition of depression, and, while he failed to offer supporting documents, his behavior is not inconsistent with such a condition. Likewise, his remedial efforts are consistent with a recognition of responsibility. We further note that Respondent has no prior history of CLE deficiency and no other disciplinary proceedings appear in the record.

The Commission seeks imposition of a $750 fine, procurement of a non-practice exemption from CLE requirements that would necessitate cessation of practice, and contact with the Lawyers Assistance Program. We believe the punishment sought is too harsh. Instead, we believe Respondent should be required to pay a lesser fine and that he be required to initiate contact with the Lawyers Assistance Program. Accordingly, IT IS ORDERED that:

1. Respondent, Paul Stephen White, shall pay a fine of $250 for non-compliance with SCR 3.661(1), payable to the Kentucky Bar Association within twenty (20) days from the date of this Order;

2. Respondent's CLE deficiency shall be cured by the CLE credits earned during the 2002–2003 educational year;

3. Respondent shall not be eligible for a non-hardship extension under SCR 3.667(2) for the educational years ending June 30, 2003, and June 30, 2004.

4. Respondent shall contact the Lawyers Assistant Program at the Kentucky Bar Center within twenty (20) days from entry of this Order.

LAMBERT, C.J., and GRAVES, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER and JOHNSTONE, JJ., dissent and would assess the $750 fine recommended by the CLE Commission.

ENTERED: March 20, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE